IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CHRISTA CARTER CHAMPION § <br> § <br> VS. § <br> § <br> STATE FARM COMPANIES, STATE § <br> FARM COUNTY MUTUAL INSURANCE § <br> COMPANY OF TEXAS, STATE FARM § <br> MUTUAL AUTOMOBILE INSURANCE § <br> COMPANY, AND STATE FARM FIRE § <br> AND CASUALTY COMPANY § | CASE NO. _____ <br> (Jury) |

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant State Farm Lloyds (incorrectly identified as State Farm Companies), hereinafter referred to as "State Farm Lloyds", hereby removes to this Court, the state court action described below.

1. The above entitled action was originally filed and is pending in the County Court at Law of Bowie County, Texas under Cause No. 15C1684-CCL. Citation naming State Farm Companies; State Farm County Mutual Insurance Company of Texas; State Farm Mutual Automobile Insurance Company; and State Farm Fire and Casualty Company as Defendants was served, together with Plaintiff's Original Petition, on or about December 21, 2015. No other proceedings have occurred in the County Court of Law of Bowie County, Texas.

2. This is a civil action in which Plaintiff seeks judgment against Defendants regarding an insurance policy and contractual relationship. Based upon information and belief and the allegations within Plaintiff's pleadings, Petitioner fraudulently joined Defendants State Farm County Mutual

Insurance Company of Texas; State Farm Mutual Automobile Insurance Company; and State Farm Fire and Casualty Company. Petitioner additionally misnamed the only properly joined Defendant, State Farm Lloyds, under the misnomer "State Farm Companies."

3. At the commencement of this action in the County Court at Law of Bowie County, Texas, and at all times thereafter, Plaintiff Christa Carter Champion was and is a resident of Dallas County, Texas; and the only properly joined Defendant, Defendant State Farm Lloyds (incorrectly identified as State Farm Companies) was and is a mutual insurance company, with its principal place of business in the State of Illinois.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action may be removed under the provisions of 28 U.S.C. §1441(b).

5. Pursuant to 28 U.S.C. § 1441(b), an action shall be removable "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."[1] If a defendant has been fraudulently joined, his presence must be disregarded by the Court in determining the existence of diversity jurisdiction and assessing the propriety of removal.[2] A determination of fraudulent joinder is based on an analysis of causes of action alleged in the complaint at the time of removal.[3] If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes.[4] The misjoinder need not be fraudulent

---

[1] 28 U.S.C. § 1441(b)

[2] See Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 101-02 (5th Cir. 1990).

[3] See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979).

[4] See French v. State Farm Ins. Co., 156 F.R.D. 159, 162 (S.D. Tex. 1994).

or egregious.[5]

6. Here, Plaintiff alleges causes of action based entirely on the relationship of the parties created by the nature of the Renter's Insurance Policy Number 72-BR-L331-5, the contract of insurance between insurer and insured.[6] This policy was originally issued solely by Defendant State Farm Lloyds on December 3, 2010 to Plaintiff, Christa Carter Champion. Defendants State Farm County Mutual Insurance Company of Texas; State Farm Mutual Automobile Insurance Company; and State Farm Fire and Casualty Company were not in any way involved in the issuance of Renter's Insurance Policy Number 72-BR-L331-5, or the contractual relationship of the parties created by such document, subject to this suit. Plaintiff had no reason whatsoever to believe that any Defendants other than removing party and plaintiff were involved in the transaction on which plaintiff's petition is based. Thus, because Defendant State Farm Lloyds, the only properly joined Defendant, is a mutual insurance company, with its principal place of business in the State of Illinois, and Plaintiff was and is a resident of Dallas County, Texas, this action is removable under 28 U.S.C. § 1441(b) and this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.[7]

5. A true and correct copy of all process, pleadings and orders, being Plaintiff's Original Petition and citations served on Petitioner in this action are attached hereto as Exhibit "A" and incorporated herein the same as if set forth at length.

6. Thirty (30) days have not yet expired since this action became removable to this Court by service of summons or receipt of pleadings creating a right of removal.

---

[5] *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006), cert. denied, 548 U.S. 907 (2006).

[6] See Plaintiff's Original Petition, *Exhibit A*.

[7] 28 U.S.C. § 1441(b); 28 U.S.C. §1332.

WHEREFORE, PREMISES CONSIDERED, Petitioner State Farm Lloyds prays that the above entitled action be removed from the County Court at Law of Bowie County, Texas to the United States District Court for the Eastern District of Texas, Texarkana Division.

                Respectfully submitted,

                BOYD & BOYD

                BY:   /s/ Paul M. Boyd
                         PAUL M. BOYD
                         State Bar No. 02775700
                         1215 Pruitt Place
                         Tyler, Texas 75703
                         903/526-9000
                         903/526-9001 (FAX)
                         boydpc@tyler.net

                ATTORNEY FOR DEFENDANT

STATE OF TEXAS § 
 §
COUNTY OF SMITH §

BEFORE ME, the undersigned authority, on this day personally appeared PAUL M. BOYD, who by me being duly sworn, on oath states that he is the attorney for Petitioner State Farm Lloyds; that he has the authority to make this verification; that he has read the foregoing Notice of Removal of Action Under 28 U.S.C. §1441(b) (Diversity) and knows the contents thereof; that the same is true of his own knowledge.

_____
PAUL M. BOYD

SUBSCRIBED AND SWORN TO before me the undersigned notary public by the said PAUL M. BOYD, on this the 11th day of January, 2016, to certify which witness my hand and official seal of office.



_____
NOTARY PUBLIC/STATE OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, 2016, a true and correct copy of the above and foregoing instrument was forwarded via electronic means to:

Christa Carter Champion, Pro Se
6078A Averill Way
Dallas, Texas 75225
[PRO SE PLAINTIFF]

/s/ Paul M. Boyd
PAUL M. BOYD