CAUSE NO. <u>15C1684-CCL</u>

| | |
|---|---|
| **CHRISTA CARTER CHAMPION,**<br>**Plaintiff,** | IN THE COUNTY COURT AT LAW |
| V.<br>**STATE FARM LLOYDS**<br>**STATE FARM COMPANIES**<br>**STATE FARM COUNTY MUTUAL**<br>**INSURANCE COMPANY OF TEXAS**<br>**STATE FARM MUTUAL**<br>**AUTOMOBILE INSURANCE**<br>**COMPANY; AND STATE FARM**<br>**FIRE AND CASUALTY COMPANY,**<br>**Defendant.** | OF<br><br><br><br><br><br><br>BOWIE COUNTY, TEXAS |

<u>**PLAINTIFF'S AMENDED PETITION AND JURY DEMAND**</u>

**TO THE HONOR JUDGE OF SAID COURT:**

**COMES NOW**, CHRISTA CARTER CHAMPION, Plaintiff, Pro Se, complaining of State Farm Lloyds; COMPANIES; STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS; STATE FARM AUTOMOBILE INSURANCE COMPANY; AND STATE FARM FIRE AND CASUALTY COMPANY, and for her cause of action would respectfully show the Court and jury as follows:

I.<br>**Discovery Control Plan**

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level II control plan.

II.<br>**Parties**

Plaintiff CHRISTA CARTER CHAMPION is a resident of 6078A Averill Way, Dallas, Texas 75225

Defendants STATE FARM COMPANIES (hereinafter referred to as "State Farm Lloyds") is A domestic corporation authorized to engage in the insurance industry within the State of Texas. Service of process may be made on this Defendant by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218

Defendants, STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS (hereinafter referred to as "State Farm Lloyds ") is a domestic corporation authorized to engage in the industry within the State of Texas. Service of process may be made on this Defendant by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218

Defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF TEXAS (hereinafter referred to as "State Farm Lloyds") is a domestic corporation authorized to engage in the insurance industry within the State of Texas. Service of process may be made on this Defendant by serving its registered agent for service, Corporation Service Company, 211` East 7th Street, Suite 620, Austin, TX 78701-3218.

Defendants, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as 'State Farm") is a foreign corporation authorized to engage in the insurance industry within the State of Texas. Service of process may be made on this Defendant by serving its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218

## II.
### Jurisdiction and Venue

Plaintiff brings this action for breach of contract under Article 21.21 of the Texas Insurance Code. The original contract between the parties was signed in Texarkana, Bowie County, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this court. Venue is proper in Bowie County, Texas pursuant to 15.002 of the Texas Civil Practice and Remedies Code. Upon proper Service of the Defendants, this Court has jurisdiction and venue is proper.

## IV.
## Statutory Authority

This suit is brought, in part under the authority of Texas Insurance Code Article 21.21

{}16. This suit is also brought, in part, under the authority of Texas Business and Commerce Code {}17.41 commonly known as the Deceptive Trade Practices-Consumer Protection Act and referred herein as "DPTA"

## V.
## Relief Sought

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff, Christa Carter Champion seeks "only monetary relief of over $100,000 but not over $200,000, plus damages of any kind, penalties, costs, expenses, pre-judgement interest and attorney's fees.

## VI.
## The Insurance Policy

The insurance policy was originally issued on December 3, 2010 to Plaintiff, Christa Carter Champion. The Insurance policy with number 72BR63315, was a renter's policy insuring Plaintiff's contents at the residence located at 4101 Texas BLVD, Texarkana, Bowie County, Texas 75503. A copy of the insurance policy is attached hereto as Exhibit's A".

## VII.
## The Loss

Plaintiff, Christa Carter Champion is the owner of a renter's policy (hereinafter) referred to as "the policy"), which was issued by State Farm Lloyds. Plaintiff owns the insured contents of the
  residence located at the property, which is specifically located at 4101 Texas BLVD., Texarkana, Bowie County, Texas 75503, in Bowie Co. (hereinafter referred to as "the

Property.") Defendant, State Farm Lloyd's sold the policy insuring the plaintiff, Christa Carter Champion personal property on December 3, 2010.

On or about December 9, 2013, the fire erupted at the property, causing severe damage to the home and all of the plaintiff's content at the property. Plaintiff, Christa Carter Champion submitted a portion of the personal property inventory forms to Defendant, State Farm Lloyd's which outlined a portion of all the contents that were damaged in the fire at the property. Plaintiff requested that the defendant, State Farm Lloyd's cover the cost of repairs of all the contents under the policy. Defendant, State Farm Lloyd's paid for a portion of the property contents plaintive listed on the personal property inventory forms. Defendant, State Farm Lloyd's refused to pay a large portion of the property contents Plaintiff, Christa Carter Champion listed on the personal property inventory forms.

Defendant, State Farm Lloyd's has refused to acknowledge the extensive and obvious damage to the contents of the Property. Plaintiff, Christa Carter Champion provided a partial list of contents that were located on the property of defendant, State Farm Lloyd's on the personal property inventory forms several months ago.

Defendant, State Farm Lloyd's set about to deny and or underpay on the properly covered damages. As a result of these Defendant, State Farm Lloyd's unreasonable investigation of the claim, including not providing full coverage for damages sustained by the plaintiff, Christa Carter Champion, as well as undervaluing the damages during their investigation and the non-adequate and sufficient payment to plaintive to repair the contents of the property, plaintiffs claim was improperly adjusted. To this date, plaintiff, Christa Carter Champion has yet to receive the full payment for this portion of the items to which she is entitled under the policy.

As detailed in the paragraph below, defendant, State Farm Lloyd's wrongfully denied plaintiff's claim for repairs of the content under the policy, even though the policy provided coverage for losses such as those suffered by plaintiff.  Furthermore, defendant, State Farm Lloyd's underpaid some of plaintiff', Christa Carter Champions claims by not providing full coverage for the damages sustained by plaintiff, Christa Carter Champion, as well as undervaluing the damages during its investigation.

To date, defendant State Farm Lloyd's has not paid for the remainder of cost of items originally submitted and covered under the policy. Defendant, State Farm Lloyd's failed to perform its contractual duties to adequately compensate plaintiff, Christa Carter Champion under the terms of the policy.  Specifically, it refused to pay the

full proceeds of the policy, although do demand was made for proceeds to be paid in an amount sufficient to cover the damaged contents as specified under the policy, although do demand was made for the proceeds to be paid an amount sufficient to cover the damaged contents as specified under the policy, and all conditions precedent to recover upon the policy had been carried out and accomplished by plaintiff, Christa Carter Champion. Defendant, State Farm Lloyds conduct constitutes a breach of the insurance contract between defendant, State Farm Lloyd's and plaintiff, Christa Carter Champion. Defendant, State Farm Lloyd's failed to make an attempt to settle plaintiff, Christa Carter Champion's claim in a fair manner, although they were aware of their liability to plaintiff, Christa Carter Champion under the policy. Defendant State Farm Lloyd's conduct continues a violation of the Texas insurance code unfair settlement practices. Texas. Insurance. Code 541. 060.(a)(2)(A)

    Defendant, State Farm Lloyd's failed to explain to plaintiff, Christa Carter Champion the reason for their offer of inadequate settlement. Specifically, defendant State Farm Lloyd's failed to offer plaintiff, Christa Carter Champion adequate compensation, without any explanation why full payment was not being made.

    State Farm Lloyd's conduct is a validation of the Texas insurance code unfair settlement practices. Texas insurance code 541.060(a) (3). Specifically, plaintiff, Christa Carter Champion did not receive timely indication of acceptance or rejection, regarding the partial claim in writing from defendant, State Farm Lloyd's and defendants conduct constitutes a violation of the Texas insurance code, unfair settlement practices. Texas. Insurance. Code 541.060(a) (4).

    Defendant, State Farm Lloyd's refuses to fully compensate plaintiff under the terms of the policy, even though defendant, State Farm Lloyd's failed to conduct a reasonable investigation. Specifically, defendant, State Farm Lloyd's performed and outcome- oriented investigation of the plaintiff's claims, which resulted in a bias, unfair, and inequitable evaluation of plaintiff's losses of the contents on the property. Defendant, State Farm Lloyds conduct constitutes a violation of the Texas insurance code, unfair settlement practices. Texas. Insurance. Code 541.060(a) (7). Defendant State Farm Lloyd's failed to meet its obligations under the Texas insurance code regarding timely acknowledge plaintiff's claim, beginning an investigation of plaintiff's claim and requesting all information reasonably necessary to investigate plaintiff's claim within the statutory mandated time of receiving notice of plaintiff's claim. Defendant, State Farm Lloyd's conduct constitutes a violation of the Texas insurance code, prompt payment of claims. Texas insurance. Code 542.055.

    State Farm's Lloyds conduct constitutes a violation of the Texas insurance code, prompt payment of claims. Texas. Insurance. Code 542.056. 28. Defendant State Farm Lloyd's failed to meet its obligation under the

Texas insurance code regarding payment of claims without delay. Specifically, it has delayed full payment of plaintiff's partial claim longer than allowed and, to date; plaintiffs have not received full payment for their partial claim. State Farm Lloyd's conduct constitutes a violation of Texas insurance code, prompt payment of claims. Texas. Insurance. Code 542. 058.

From and after the time plaintiff's claim was presented to defendant, State Farm Lloyd's, the liability of defendant, State Farm Lloyd's to pay the full claim accordance with the terms of the policy was reasonably clear. However, defendant, State Farm Lloyd's has refused to pay plaintiff, Christa Carter Champion in full, despite there being no basis whatsoever on which a reasonable Insurance company would have relied to deny the full payment. Defendant, State Farm's Lloyd's conduct constitutes a breach of the common law duty of good faith and fair dealing. Defendant, State Farm Lloyd's knowingly and recklessly made false representations, as described above, as to material facts and or knowingly concealed all or part of material information from plaintiff, Christa Carter Champion.

Plaintiff, Christa Carter Champion's experience is not an isolated case. The act and omissions defendant, State Farm Lloyd's committed in this case, or similar and omissions, occur with such frequency that they constitute a general business practice of defendant, State Farm Lloyd's with regard to handling these types of claims. Defendant, State Farm Lloyd's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

VIII.

Actionable conduct

Defendants failed to evaluate and adjust plaintiff's claim for benefits in good faith and failed to deal fairly with plaintiff. Defendants failed and refused to evaluate the information and surrounding facts and continued to refuse to pay policy benefits to the plaintiff. Defendants have persisted in denial of plaintiff's claim for benefits even though a person of ordinary prudence and care would have done otherwise.

IX

The facts in proceeding paragraphs give rise to the following causes of action:

A. Breach of duty of good faith and fair dealing's.

As a result of the relationship of the parties created by the nature of the policy of insurance and the parties' unequal bargaining power, defendants owed and owe to plaintiff a duty to deal fairly and in good faith. Defendants have failed to deal in good faith. There was and is no reasonable basis for defendant's denial of plaintiff's claim for the full benefits payable under the policy. Defendant's actions were unfair because plaintiff's losses were of the type of losses defendants promised to pay. Defendants those breached their duty to deal fairly and in good faith with plaintiffs.

B. Breach of contract

The conduct of defendants constitutes a breach of the contract of interest between plaintiff and defendants. As a result of this breach, plaintiff has suffered damages, all of which were reasonably foreseeable.

### C. Violations of the Texas Insurance Code

Defendants were engaged in the following practices in violation of the Texas Insurance Code: (1) Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability under the insurance policy became reasonably clear; (2) Defendants have refused to pay a claim without conducting a reasonable investigation with respect to the claim. This conduct constitutes unfair settlement practices, as defined in Article 21.21 §4(10) of the Texas Insurance Code, which are actionable pursuant to §16(a) of the Texas Insurance Code.

## X.
## Causation: Actual Damages

The conduct described above was a producing, proximate, and direct cause of actual damages to Plaintiff. These damages include, but are not limited to, the full benefits payable under the policy together with the out of pocket expenses incurred by Plaintiff. These damages also include mental anguish and distress suffered by Plaintiff. Plaintiff seeks pre-judgment interest at the highest rate allowed by law. The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of the Court.

## XI.
## Jury Demand

Plaintiff demands a trial by jury.

## XII.
## Prayer

**WHISEFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be cited to appear and answer herein, and upon final trial thereof, Plaintiff has and recover of and from Defendants for damages as set forth above; pre- and post-judgment interest at the highest

lawful rate, Court costs, and attorney's fees, and such other and further relief, whether special or general in nature, at law or in equity, to which he may show herself to be justify entitled and within the jurisdictional limits of this Court.

Respectfully submitted,

*[signature]*
Christa Carter Champion, *Pro Se*
6078A Averill Way
Dallas, Texas 75225
Telephone: (903) 277-4374

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by mail to each attorney/party of record on this February 9, 2016.

_____
Christa Carter Champion

GIVEN under my hand and seal of office, this the 9th day of February, 2016.

NOTARY PUBLIC

My commission expires: _____

