IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTA CARTER CHAMPION | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM COMPANIES, STATE | § | CASE NO. 5:16-CV-003 |
| FARM COUNTY MUTUAL INSURANCE | § | (Jury) |
| COMPANY OF TEXAS, STATE FARM | § | |
| MUTUAL AUTOMOBILE INSURANCE | § | |
| COMPANY, AND STATE FARM FIRE | § | |
| AND CASUALTY COMPANY | § | |

**DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR MANDATED COMPLIANCE BY PLAINTIFF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, State Farm Lloyds (incorrectly identified as State Farm Companies) hereinafter referred to as "State Farm Lloyds", Defendant in the above-entitled and numbered cause, and pursuant to Federal Rule of Civil Procedure 41(b), files this its Motion to Dismiss, Or Alternatively, For Mandated Compliance by Plaintiff:

**BACKGROUND**

1. Here, Plaintiff alleged causes of action based on the relationship of the parties created by the issuance of State Farm Renter's Insurance Policy Number 72-BR-L331-5, the contract of insurance between insurer and insured.[1] This policy was originally issued by Defendant State Farm Lloyds on December 3, 2010 to Plaintiff, Christa Carter Champion.[2] Plaintiff purchased the policy for content allegedly maintained at a residence located at 4101 Texas Boulevard, Texarkana, Bowie County,

---

[1] See Plaintiff's Original Petition, on file herein.

[2] Id.

Texas 75503 ("the Property"). On or about December 9, 2013, a fire erupted at the Property.[3] Since that date, Plaintiff was repeatedly asked by State Farm to provide documentation in support of her damage claims. On multiple occasions, Defendant State Farm Lloyds asked Plaintiff to promptly submit Personal Property Inventory Forms and the necessary proof of loss.

2. When finally submitted immediately prior to the two-year deadline, Plaintiff's Personal Property Inventory Forms and accompanying documentation lacked the requisite information to process all of her claims. Plaintiff was notified of the need for additional information, but failed to comply. Plaintiff has been properly and adequately paid for all personal property which was correctly and timely submitted, and which was accompanied with the required information.

3. On January 13, 2016, this Court ordered Plaintiff to file a notice that the case is ready for scheduling conference within five days of all Defendants either answering or filing a motion to transfer or dismiss.[4] Plaintiff's Notice is required to include a list of any pending motions to dismiss or transfer and a list of any related cases previously filed in the Eastern District of Texas.[5] All Defendants' answers were on file as of January 12, 2016.[6] Thus, Plaintiff's Notice was due no later than January 19, 2016. Counsel for Defendant State Farm Lloyds reminded Plaintiff of the Court ordered deadline at a meeting on Tuesday, January 26, 2016, and simultaneously prompted Plaintiff to comply, however; Plaintiff firmly advised that such compliance was not required.

---

[3] Id.

[4] See Exhibit A, Court Order (Doc. 8).

[5] Id.

[6] See Defendant State Farm Lloyds' Original Answer (Doc. 5), on file herein; See State Farm County Mutual Insurance Company of Texas, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion Pursuant to Rule 12(b)(6) and Original Answer (Doc. 4 and Doc. 6), on file herein.

4.      Furthermore, on January 12, 2016, this Court ordered Plaintiff to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules.[7] While Plaintiff amended her pleading, the "Amended Petition" makes no attempts to conform with the Federal Rules of Civil Procedure or the Court's Local Rules, as ordered.[8] The only changes made were the addition of the entity State Farm Lloyds, the only properly joined Defendant, as a party to the case, and the factual admission that Plaintiff only submitted a portion of the Personal Property Inventory Forms to Defendant State Farm.[9] Otherwise, Plaintiff made no formative or substantive changes as required by this Court's order regarding repleading.[10]

## INVOLUNTARY DISMISSAL

5.      "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."[11] Although the pleadings of a pro se litigant are liberally construed, the fact that a plaintiff is proceeding without services of an attorney does not absolve or excuse the pro se litigant from following the orders of the court or complying with the applicable Federal Rules of Civil

---

[7] See Exhibit B, Court Order (Doc. 7).
[8] See Plaintiff's Amended Petition, on file herein.
[9] Id.
[10] Id.
[11] Fed. R. Civ. P. 41

*DEFENDANT STATE FARM LLOYDS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR MANDATED COMPLIANCE BY PLAINTIFF–Page 3*

Procedure.[12] "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."[13]

6. Under Federal law, this cause should be dismissed due to Plaintiff's violation of this Court's Orders.[14] As previously mentioned, Plaintiff was made aware of the Court's Order regarding necessary notice through filing notification and through counsel for Defendant State Farm Lloyds. Additionally, Plaintiff was prompted by the counsel for Defendant State Farm Lloyds to proceed according to the Court's instruction. Finally, although Plaintiff timely amended her Petition, she did not make any of the amendments required by this Court. In regards to the Court's order requiring notice, in spite of the Court's written order and Defendant's reminder, Plaintiff knowingly disregarded the five day deadline, and has still failed to comply almost a month later. Although Plaintiff is a pro se litigant, that fact alone does not permit or excuse plaintiff from following the clearly communicated Orders of this Court.[15]

7. Since Defendant State Farm Lloyds reminded Plaintiff of the Court's ordered deadline at a meeting on Tuesday, January 26, 2016, Plaintiff has taken no action to further prosecute this case, and has failed to communicate any reason or justification for abandonment of this cause. Plaintiff's recently filed amended pleading does not even attempt to comply to the Federal Rules of Civil Procedure or the Court's Local Rules.[16] Federal law vests this Court with the power to dismiss

---

[12] *Winegarner v. Cinemark USA*, 3:08-CV-2232-N, 2009 WL 3199508, at *2 (N.D. Tex. Oct. 5, 2009).

[13] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

[14] Fed. R. Civ. P. 41

[15] *See Winegarner*, 2009 WL 3199508, at *2 (N.D. Tex. Oct. 5, 2009).

[16] See Plaintiff's Amended Petition, on file herein.

---

*DEFENDANT STATE FARM LLOYDS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR MANDATED COMPLIANCE BY PLAINTIFF–Page 4*

when a Plaintiff fails to prosecute or to comply with a court order.[17] Here, Plaintiff has fully disregarded both the Court's instructions and counsel for Defendant State Farm Lloyds' reminder, and has completely ceased prosecution of this case with any diligence. Therefore, dismissal of this case for want of prosecution is unquestionably justified under federal law.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds, prays herein that the Court dismiss this case for want of prosecution and violation of Court order under Federal Rule of Civil Procedure 41(b), or alternatively mandate that Plaintiff comply with the Order entered by the Court. Defendant State Farm Lloyds, further prays for such other relief, whether at law or in equity, to which Defendant may show themselves to be justly entitled.

Respectfully submitted,

BOYD & BOYD

BY: /s/ Paul M. Boyd
PAUL M. BOYD
State Bar No. 02775700
SARAH A. BOSOLD
State Bar No. 24097406
1215 Pruitt Place
Tyler, Texas 75703
903/526-9000
903/526-9001 (FAX)
boydpc@tyler.net

ATTORNEYS FOR DEFENDANT

---

[17] Fed. R. Civ. P. 41

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of February, 2016, a true and correct copy of the above and foregoing instrument was forwarded via electronic means to:

>Ms. Christa Carter Champion
>6078A Averill Way
>Dallas, Texas 75225
>[PRO SE PLAINTIFF]

>/s/ Paul M. Boyd
>PAUL M. BOYD