IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTA CARTER CHAMPION § | | |
| PLAINTIFF § | | |
| § | | |
| vs. § | Civil Action No. 5:16CV003 | |
| § | (Jury) | |
| STATE FARM LLOYDS § | | |
| DEFENDANT § | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Christa Carter Champion and files this Second Amended Complaint against Defendant State Farm Lloyds, and in support thereof would show unto the Court as follows:

I.

JURISDICTION AND VENUE

This action arises by diversity jurisdiction pursuant to Title 28 § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. States and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorney's fees, interest and costs. Plaintiff originally filed this action in state court. Defendant removed the action to this Court.

II.

Plaintiff is an individual and citizen of the state of Texas.

Defendant State Farm Lloyds is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who are citizens of

states other than Texas. Said Defendant may be served with process through counsel of record herein.

III.

A substantial part of the events giving rise to Plaintiff's claims herein occurred in Bowie County, Texas. The insured property is located in Bowie County, Texas. The policy is question was purchased through a State Farm agent in Bowie County, Texas. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

IV.

FACTUAL BACKGROUND

On or about December 3, 2010, Plaintiff secured a renter's policy from Defendant. Specifically, Plaintiff purchased for adequate consideration policy no. 72-BR-L331-5, under which Defendant contractually agreed to provide a renter's policy covering Plaintiff's personal property in a residence located at 4101 Texas Boulevard, Texarkana, Bowie County, Texas. A copy of the policy and declarations are attached hereto as Exhibit "A".

V.

According to the language of the policy, Defendant contractually agreed to insure Plaintiff "for accidental direct physical loss to property" caused by a number of perils, including fire. Defendant further agreed in the policy to pay Plaintiff "the cost to replace" the covered personal property up to the policy limits of $386,000.00.

VI.

On or about December 9, 2013, a fire occurred at the insured property causing severe damage to the home and all of Plaintiff's insured personal property. Plaintiff subsequently submitted property inventory forms to Defendant outlining personal property damaged or destroyed as a result of the fire. Defendant has paid for a portion of the listed contents, but has refused to pay a significant portion of the claimed loss.

CAUSES OF ACTION

COUNT I - VIOLATION OF CHAPTER 541 AND 542

VII.

Plaintiff hereby reasserts and realleges the allegations contained in Paragraphs I -VI herein above as if set forth word for word.

VIII.

As noted above, Defendant is engaged in the insurance business as that term is used in Section 541.002(2) of the Texas Insurance Code. Specifically, Defendant sold Plaintiff the policy in question and administered Plaintiff's claim under the policy. Defendant is therefore considered a "person" for purposes of liability under Sections 541.002(2) and 541.002 of the Texas Insurance Code.

IX.

Defendant violated Chapters 541 and 542 by engaging in the following acts and practices, which constitute unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance:

    A.    Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. *Id*. § 541.060(a)1; § 542.003(b)1.

    B.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. *Id*. § 541.060(a)2(A); § 542.003(b)4.

    C.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement under one portion of a policy where liability has become reasonably clear, in order to influence settlement of a claim under another policy or portion of the same policy. § 541.060(a)2(B).

    D.    Failing to promptly provide to a policy holder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for a insurer's denial of a claim or for an offer of a compromise settlement of a claim. § 541.060(a)3(E).

    E.    Undertaking to enforce a full and final release of a claim from a policy holder in certain circumstances when only a partial payment has been made. § 541.060(a)6.

    F.    Refusing to pay a claim without conducting a reasonable explanation with respect to the claim. § 541.060(a)7.

X.

Defendant violated Chapter 541 in connection with its claim settlement practices in each of the following manners:

    1.    Making an untrue statement of material facts;

    2.    Failing to state a material fact that is necessary to make other statements made not

>   misleading under the circumstances;
>
> 3. Making a statement so as to mislead a reasonably prudent person to a false conclusion of a material fact; and
>
> 4. Failing to disclose any matter required by law to be disclosed.

### XI.

Defendant engaged in the foregoing conduct with an actual awareness of falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Chapters 541 and 542 "knowingly", as that term is defined in §§ 541.002(1) and 541.152(B).

### COUNT II - VIOLATION OF THE TEXAS DTPA

### XII.

Plaintiff hereby reasserts and realleges the allegations contained in Paragraphs I -XI herein above as if set forth word for word.

### XIII.

Defendant's conduct as outlined above violated § 17.46(b) of the Texas Business and Commerce Code by engaging in the following acts and practices, which are specifically enumerated as unlawful under that provision:

>   A. Representing that its good or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person had a sponsorship, approval, status, affiliation or connection which he did not.
>
>   B. Representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve.

XIV.

Plaintiff relied to her detriment upon the foregoing representations made by Defendant, resulting in actual damages as outlined below. Plaintiff is entitled and now sues to recover these damages pursuant to Chapter 541 of the Texas Insurance Code.

XV.

Defendant engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Chapter 541 "knowingly", as that term is defined in §§ 541.002(1) and 541.152(B).

## COUNT III - BREACH OF CONTRACT

XVI.

Plaintiff hereby reasserts and realleges the allegations contained in Paragraphs I -XV herein above as if set forth word for word.

XVII.

Defendant has breached its agreement under the policy to pay Plaintiff her direct loss caused by the destruction of the insured personal property by fire, and by failing to pay Plaintiff the cost to repair or replace the insured property damaged as a result of the fire in question.

XVIII.

As a direct and proximate result of Defendant's breach of contract, Plaintiff has sustained damages as set forth below.

## DAMAGES

XIX.

Plaintiff hereby reasserts and realleges the allegations contained in Paragraphs I -XVIII herein

above as if set forth word for word.

XX.

Defendant's conduct caused Plaintiff actual damages in an amount in excess of $75,000.00. These damages include, but are not necessarily limited to the cost to repair or replace covered property damaged or destroyed by the fire in question.

XXI.

Because Defendant acted knowingly, Plaintiff is entitled to recover additional statutory damages of up to two times her actual damages alleged above.

XXII.

Plaintiff is also entitled to recover her reasonable and necessary attorney's fees pursuant to § 541.152 and by virtue of Defendant's breach of the contract in question.

XXIII.

Plaintiff is entitled to recover prejudgment interest and post-judgment interest at the statutory rate or such other rate as is set by the Court.

## CONDITIONS PRECEDENT

XXIV.

All conditions precedent to the filing of this action have been met.

## JURY DEMAND

XXV.

Plaintiff requests that a jury be convened to try the factual issues in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christa Carter Champion respectfully requests that Defendant State Farm Lloyds be cited to appear and that Plaintiff have judgment against Defendant for:

1. actual damages as set forth herein above;

2. additional statutory damages based upon Texas Insurance Code § 541.152(B) as a result of Defendant's knowing violations;

3. additional damages pursuant to the Texas Deceptive Trade Practices - Consumer Protection Act;

4. reasonable and necessary attorney's fees permitted Texas Insurance Code § 541.152;

5. costs of suit;

6. prejudgment at the maximum rate of interest permitted by law;

7. post-judgment interest at the legal rate; and

8. all other relief to which Plaintiff may be entitled.

March 28, 2016                                       Respectfully submitted,

*/s/ W. David Carter*
TSB No. 03932780
MERCY ✷ CARTER ✷ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

Attorneys for Plaintiff Christa Carter Champion

## CERTIFICATE OF SERVICE

  I, W. David Carter, certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

                /s/ *W. David Carter*