IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTA CARTER CHAMPION | § | |
| | § | |
| VS. | § | CASE NO. 5:16-CV-0003 |
| | § | (Jury) |
| STATE FARM LLOYDS | § | |

### DEFENDANT'S MOTION FOR AMENDED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, State Farm Lloyds ("State Farm"), Defendant in the above styled and numbered cause, and files this its Motion For Amended Protective Order, and for such motion would respectfully show unto the Court as follows:

In accordance with paragraph 15 of the Protective Order entered by the Court on March 15, 2016,[1] Defendant State Farm moves the Court to enter an Amended Protective Order that provides additional procedures for the protection of "Protected Documents" and allows State Farm to meet its legal obligations without risk that its confidential information and trade secrets will lose necessary protection under the law.

### I.

### ARGUMENT & AUTHORITIES

Under Federal Rule or Civil Procedure 26(c)(1)(G), the Court has the power to enter a protective order to restrict access to a trade secret or other confidential information.[2] The party

---

[1] See Protective Order [Document 22], attached hereto as Exhibit "A".

[2] Fed. R. Civ. P. 26.

*Defendant's Motion For Amended Protective Order–Page 1*

seeking a protective order generally bears the burden of establishing good cause.[3] The Court has wide discretion in determining the scope of a protective order.[4]

Here, the Court entered the Protective Order, *sua sponte*, but included a provision for the parties to move to modify the terms as needed.[5] State Farm has a duty to protect certain information that would not be protected by the current Protective Order as written and therefore moves the Court to modify the Order as set forth in detail below.

**A. The Protective Order Should Be Amended To Reflect That Required Submission Of Documents And Information To The Texas Department Of Insurance Does Not Destroy Their Confidential Nature.**

Paragraph 2(c) of the Protective Order provides that, "documents that have been submitted to a governmental entity" are not Protected Documents.[6] Such language, as written, does not adequately protect State Farm's confidential documents, and also puts State Farm at risk of losing the legal protections afforded to the company. To determine whether a trade secret exists, for purposes of trade secret privilege, the following six factors are weighed in the context of the surrounding circumstances, but the party claiming a trade secret is not required to satisfy all six factors, because trade secrets do not fit neatly into each factor every time:

> (1) the extent to which the information is known outside of the business, (2) the extent to which it is known by employees and others involved in the business, (3) the extent of measures taken to guard the secrecy of the information, (4) the value of the information to the business and to its competitors, (5) the amount of effort or money expended in developing the information, and (6) the ease or difficulty

---

[3] *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir.1998).

[4] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[5] See Protective Order [Document 22], attached hereto as Exhibit "A".

[6] See Id.

*Defendant's Motion For Amended Protective Order–Page 2*

with which the information could be properly acquired or duplicated by others.[7]

The mere fact that information is submitted to a governmental entity, does not alone make it public information. Texas law requires State Farm, as well as other insurers, to regularly submit documents to the Texas Department of Insurance ("TDI"). These documents otherwise qualify as "Protected Documents" under the Protective Order, but for the fact that their submission to a state agency is mandated by law. Many of these documents contain confidential information that is protected from public disclosure. Thus, the same information should also be protected in the Protective Order put in place in this proceeding.

Section 552.110 of the Texas Public Information Act precludes trade secrets and commercial information, included in the documents submitted to the government, from disclosure pursuant to a public information request.[8] Specifically, section 552.110 excepts from public disclosure trade secrets and certain commercial or financial information.[9] Similarly, the Texas Insurance Code Section 38.003(d) does not qualify underwriting information submitted to the TDI as public information.[10]

Thus, if the governmental entities that mandate the submission of these documents, agree to maintain such information as confidential in nature, then that information should be afforded similar protections here. Therefore, State Farm's proposed amendment of Paragraph 2 of the Protective

---

[7] *In re Cooper Tire & Rubber Co.*, 313 S.W.3d 910 (Tex. App.–"Houston [14th Dist.] 2010).; See also Rules of Evid., Rule 507.

[8] Section 552.110, TEXAS GOV'T CODE.

[9] See Id.

[10] Tex. Ins. Code Section 38.003(d).

*Defendant's Motion For Amended Protective Order–Page 3*

Order[11] will necessarily protect the confidential nature of State Farm's information, and will have no impact on Plaintiff's ability to receive and review discoverable documents throughout the discovery process.

**B. The Protective Order Should Be Amended To Reflect That State Farm Must Retain Claim Information.**

Paragraph 13 of the Protective Order provides in part, that upon termination of this action, the parties "shall" return all documents or information received pursuant to the Protective Order.[12] However, this provision, as written, would prevent State Farm from managing claim-related information within its system of record ("Electronic Claim System"), and would violate the regulatory framework for insurance company privacy standards. These confidentiality requirements, therefore, necessarily conflict with such mandatory regulatory schemes. Additionally, because State Farm's secure Enterprise Claim System is managed in compliance with the applicable federal and state regulations, as well as its own internal confidentiality requirements, the additional set of confidentiality requirements imposed by a protective order are duplicative and unnecessary. In accordance with confidentiality policies already in place, State Farm would necessarily maintain any documents received as confidential, until such time that its retention policies permit disposal of such materials.

Finally, State Farm respectfully requests the Court to amend Paragraph 13 of the Protective Order, in order to limit any use of attorney work product which refers or relates to the Protected documents in subsequent litigation *between the parties.* As written, Plaintiff would be able to use attorney work product derived from confidential and/or trade secret information, produced by State

---

[11] See Amended Protective Order, attached hereto as Exhibit "B".

[12] See Protective Order [Document 22], attached hereto as Exhibit "A".

*Defendant's Motion For Amended Protective Order–Page 4*

Farm, in this case against another insurer in future litigation. State Farm submits that the parties should not be permitted to use attorney work product derived from discovery materials produced in this matter beyond the confines of this matter or another dispute between these parties.

For these reasons, State Farm respectfully requests that the Court amend paragraph 13 of the Protective Order as shown in Exhibit B attached hereto.

### C. All Other Formatting And Language Modifications To The Protective Order Will Provide The Parties With Additional Guidance And Decrease The Likelihood Of Additional Motions.

State Farm proposes other modifications to the Protective Order to provide the parties with additional guidance regarding the logistics of implementing the Protective Order, including how a party can retroactively designate documents as "Confidential", how a party should label protected Documents for production, how the parties should handle the use of Protected Documents during depositions, and similar issues. State Farm also proposes modifications to the Protective Order that expands the definition of Qualified Persons, as well as the types of information subject to the Protective Order, etc. These proposed amendments are for the benefit of both parties and the Court, as they should decrease the likelihood of additional motion practice regarding the Protective Order as various issues arise.

None of State Farm's proposed additions and changes infringe upon the rights of Plaintiff. Rather, they help protect the rights of all parties and streamline procedures in this case. For these reasons, State Farm respectfully requests that the Court make the additional amendments to the Protective Order as shown in Exhibit "B" hereto.

## II.

## CONCLUSION

In light of the foregoing, State Farm respectfully requests that the Court amend its Protective Order and State Farm's Amended Protective Order, attached as Exhibit B, should be entered as a fully confidentiality order in this case. Adoption of State Farm's Amended Protective Order will allow State Farm to produce responsive documents while mitigating any risk that State Farm's Confidential Information will be disclosed without sufficient protection or will otherwise be forced to otherwise disclose trade secrets.

Respectfully submitted,

BOYD & BOYD

BY:   /s/ Sarah A. Bosold
      PAUL M. BOYD
      State Bar No. 02775700
      SARAH A. BOSOLD
      State Bar No. 24097406
      1215 Pruitt Place
      Tyler, Texas 75703
      903/526-9000
      903/526-9001 (FAX)
      boydpc@tyler.net
      sarah.bosold@suddenlinkmail.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, the undersigned hereby certifies that she has conferred with Plaintiff's counsel regarding this motion and Plaintiff's counsel has advised that he is not opposed to this motion.

    /s/ Sarah A. Bosold
    SARAH A. BOSOLD

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of April, 2016, a true and correct copy of the above and foregoing instrument was forwarded via electronic means to:

> Mr. W. David Carter
> MERCY, CARTER, TIDWELL, L.L.P.
> 1724 Galleria Oaks Dr.
> Texarkana, TX 75503
> [ATTORNEY FOR PLAINTIFF]

>                        /s/ Sarah A. Bosold
>                        SARAH A. BOSOLD